## PETERSON *a.* HUMPHREY.

*Supreme Court, First District ; Special Term, May,* 1857.

### FALSE SIGNS OR TRADE-MARKS.—INJUNCTION.

An injunction will lie, at the suit of one, against another, his former copartner, restraining the continuance of the use of the signs containing the old firm name without sufficient alterations or additions to give distinct notice of a change in the firm.

The absolute refusal of the defendant, before suit brought, to remove such signs, exonerates the plaintiff from any obligation to offer to contribute to the expense of the removal, or to allow reasonable time therefor.

To render a person liable for misrepresentations, as to the credit of another, by the use of false signs or trade-marks, it must be shown that the sign or mark was false in fact, so known to the party using it, used with the *intention to deceive,* and of a character calculated to mislead a person using ordinary caution.

To sustain an injunction it is sufficient to show the fact of falsity, and that the effect will necessarily be to deceive.

Motion to dissolve an injunction.

The facts in the case are stated in the opinion.

MITCHELL, J.—Peterson & Humphrey were in business in Broadway, and failed. Some arrangements were made with their creditors by which they were enabled to enter into new business, and each is now in business on his own account—Humphrey at the former store in Broadway, and Peterson in Canal-street. Humphrey's present firm is the owner by assignment

of the old debts of the late firm. Before the failure there was a broad sign above the second story of the store on Broadway in the name of the firm—" Peterson & Humphrey," and another over the entrance door. Peterson lately requested Humphrey to remove these signs, and receiving a refusal, the next day commenced his action, and obtained an injunction to prevent the use of the signs. Before that, the sign on the door had above it the name " Humphrey & Co.," and the word " formerly," so as to read " Humphrey & Co., formerly Peterson & Humphrey."

This last is true, and the word " formerly" is so distinct, and in such large letters, that nobody can be deceived by the last words. But the sign above the second story may mislead, and the injunction against it should be sustained, but not as to the lower one. The defendant says that the plaintiff should have offered to pay part of the expense of removing the old signs, and allowed a reasonable time to do it. The absolute refusal of the defendant to remove them dispensed with such obligation. The old signs would be a holding out to the world that the old partnership was still continued, and might make Peterson liable as a continuing partner, if he sanctioned its continuance there : he is therefore entitled to have it removed. The defendants have removed the objectionable part by covering over the name of Peterson with a piece of carpet : that is enough, if the carpet is retained so as effectually to cover that name, for it answers the purpose of preventing a deception.

The injunction prevents the defendant from using the *signs*— that is, the boards—or from leaving them in any conspicuous place, or any sign bearing the old firm name. In this it is too broad. The title to the " boards" has passed to the assignees, and the plaintiff has no ownership in them. The defendants are also enjoined from publishing any notice to the effect that the business formerly carried on by Peterson & Humphrey will be continued by them. This, in a restricted sense, is correct; but it should be explained so that the defendants be at liberty to publish in any form that Humphrey is one of the members of the late firm, and carries on the same *kind* of business as formerly.

The rule as to the liability of a third person for a false representation as to the credit of another, although originating in the common law courts, contains the true elements of the liability

for false signs or trade-marks, with perhaps a slight modification. The sign or mark must be false in fact, and be so known to the party using it, and have been used with *the intention to deceive*, and be of such a character as would mislead a person using ordinary caution. The injunction may be proper without any other proof of the knowledge of the falsity, or of the intention to deceive, than that which arises from the fact that there is falsity, and that the effect will necessarily be to deceive. Such inferences in a common law action are inferred by a jury.

The injunction should be modified accordingly.